854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHEMCAST CORPORATION, Plaintiff/Appellant,
v.
ARCO INDUSTRIES CORPORATION, Defendant/Cross-Appellant.
 Nos. 87-1537, 87-1538.
 United States Court of Appeals, Federal Circuit.
 July 22, 1988.
 
 E.D.Mich.
 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART AND REMANDED.
 Before EDWARD S. SMITH, BISSELL and ARCHER, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Chemcast Corporation (Chemcast) appeals that portion of the judgment of the United States District Court for the Eastern District of Michigan in Chemcast Corp. v. Arco Industries, Civil Action No. 82-70902 (E.D.Mich. July 30, 1987) (Freeman, J.), providing that claim 6 of United States patent No. 4,081,879 (the '879 patent) is invalid under 35 U.S.C. Sec. 112 and, on that basis, that Chemcast is not entitled to recover on its claim of infringement of claim 6. Arco Industries (Arco) cross-appeals paragraphs 1, and 3-7 of that judgment. We affirm in part, reverse in part, vacate in part, and remand.
 
 OPINION
 
 2
 The district court determined that, if valid, claim 6 of the '879 patent is infringed by Arco's grommet. However, because the district court concluded that claim 6 of the '879 patent is "invalid for failure to disclose the best mode contemplated by the inventor of carrying out his invention and for failure to particularly point out and distinctly claim the subject matter of the invention" disclosed by the '879 patent, Chemcast is not entitled to recover on its claim for infringement. In addition, the district court adjudicated numerous other counterclaims raised by Arco and reached the following conclusions: (1) the '879 patent is not invalid under either the written description requirement or the enablement requirements of section 112, first paragraph; (2) claim 6 is not invalid as obvious under section 103; (3) claim 6 is not invalid under section 132 for failure to comply with the prohibition against the introduction of new matter, by amendment, to the disclosure of the invention; and (4) if valid, the '879 patent is not unenforceable on the grounds of inequitable conduct. After a careful review of the record, and in view of the arguments presented to us by the parties, (1) we reverse the district court's decision under section 112, second paragraph, on the issue of claim particularity, (2) we vacate the district court's decision under section 112, first paragraph, on the best mode issue, and (3) we affirm all other issues contested by the parties on appeal. In view of our disposition of the best mode issue, we remand this proceeding to the district court for further action on that issue not inconsistent with this opinion.
 
 A. Best Mode: Section 112, First Paragraph
 
 3
 The district court based its best mode determination on its finding that the making and using of the grommet claimed by the '879 patent involves the use of products claimed as trade secrets by the producer of those products, Renosol. Because the district court found that Renosol is a custom formulator and does not reveal the composition of the products it sells and because the district court found that there were "at least eight other" producers who could have formulated satisfactory products, the district court concluded that the '879 patent must be found invalid for failure to meet the best mode requirement. We vacate the district court's decision on this issue because that court erred by failing to apply the proper legal standard for best mode.
 
 
 4
 Failure to comply with the best mode requirement amounts to concealing the preferred mode contemplated by the applicant at the time of filing. See Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1384-85, 231 USPQ 81, 94 (Fed.Cir.1986), cert. denied, 107 S.Ct. 1606 (1987). In order for a district court to conclude that the best mode requirement is not satisfied, the focus must be, and the district court must determine, that the inventor knew of, i.e., "contemplated," and concealed a better mode than he disclosed. Id., 231 USPQ at 94. The focus for a best mode analysis is not simply on whether the patent discloses the most suitable material for carrying out the claimed invention.
 
 
 5
 Here, the district court did focus its best mode analysis on whether the '879 patent disclosed "the most suitable material" available at the time the application was filed. There is no requirement that the inventor know the most suitable material for carrying out his invention; rather, the only requirement of the best mode test is that the specification "set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. Sec. 112 (emphasis supplied). Because compliance with the best mode requirement is a question of fact, we vacate the district court's decision and remand the proceeding to the district court to make this factual determination using the correct legal standard.
 
 
 6
 B. Enablement: Section 112, First Paragraph
 
 
 7
 Arco argues to us that the district court erred in reaching its decision on enablement in view of the district court's conclusions supporting its decision on claim particularity under section 112, second paragraph. Arco contends that the district court's conclusions underlying its decision on claim particularity necessarily support a conclusion that the '879 patent is invalid for failing to meet the enablement requirement of section 112, first paragraph. We disagree.
 
 
 8
 Enablement under section 112, first paragraph, and claim particularity under section 112, second paragraph, are separate requirements for patent validity even though both are contained in section 112. See Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 452, 227 USPQ 293, 296 (Fed.Cir.1985). Enablement goes to the adequacy of the language of the specification whereas particularity goes to the adequacy of the claim language. A conclusion supporting a determination that the specification is enabling under section 112, first paragraph, may not support a determination that a claim meets the particularity requirement under section 112, second paragraph. Although we can conceive of situations wherein the same conclusion that is dispositive on the issue of enablement also will be dispositive on whether the claims comply with the claim particularity requirement, we find Arco's arguments along this line unpersuasive. Accordingly, we affirm the district court's conclusion on enablement.
 
 
 9
 C. Particularity: Section 112, Second Paragraph
 
 
 10
 The district court concluded that claim 6 is invalid for failure to particularly point out and distinctly claim the subject matter of the invention. As grounds for its conclusion, the district court stated that "given the wide range of hardnesses covered by the claim, a large amount of experimenting would be required to even figure out what specific hardness would be suitable to make a functional grommet." The district court reasoned:
 
 
 11
 Thus, a reasonable amount of experimentation is tolerated to formulate a material of a specific hardness if that hardness is disclosed to the experimentor, but an undue amount of experimentation would be required to actually make a grommet capable of sealing a hole in which it is inserted when there are no limits placed on the range of hardnesses for operative grommets.
 
 
 12
 We disagree.
 
 
 13
 Compliance with the claim particularity, or definiteness, requirement of section 112, second paragraph, is generally a question of law, which question is freely reviewable by us. See Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 624, 225 USPQ 634, 641 (Fed.Cir.), cert. dismissed, 474 U.S. 976 (1985). The issue is whether, in light of the teachings of the prior art and of the particular invention, the claims set out and circumscribe a particular area with a reasonable degree of precision and particularity. See In re Moore, 439 F.2d 1232, 1235, 169 USPQ 236, 238 (CCPA 1971).
 
 
 14
 The amount of detail required to be included in claims depends on the particular invention and the prior art, and is not to be viewed in the abstract but in conjunction with whether the specification is in compliance with the first paragraph of section 112: "If the claims, read in the light of the specifications, reasonably apprise those skilled in the art both of the utilization and scope of the invention, and if the language is as precise as the subject matter permits, the courts can demand no more." Georgia-Pacific Corp. v. United States Plywood Corp., 258 F.2d 124, 136, 118 USPQ 122, 132 (2d Cir.), cert. denied, 358 U.S. 884 * * * (1958).
 
 
 15
 Shatterproof Glass, 758 F.2d at 624, 225 USPQ at 641.
 
 
 16
 We hold that the district court committed reversible error by concluding that claim 6 failed to meet the claim particularity requirement under section 112, second paragraph. Contrary to the district court's decision, patent claims are not required to set forth design parameters specific to every conceivable situation involving the claimed invention. Here, Chemcast's grommets are not restricted to a particular use, e.g., in an automobile firewall, and the district court specifically found that one skilled in the art would know how to "correct any deficiencies in function of the grommet by varying hole size or hardness of the grommet." (Emphasis supplied.) It is beyond reason that the claims of the '879 patent be required to set forth a specific hardness for each and every conceivable situation involving the claimed grommet. In view of both the particular invention involved and the prior art, we conclude that claim 6 is as precise as the subject matter requires and, accordingly, we reverse the district court's decision on this issue and hold that claim 6 meets the particularity requirements of section 112, second paragraph.
 
 D. Other Issues
 
 17
 Arco appeals the district court's judgment with respect to the issues of obviousness, inequitable conduct, and infringement of claim 6. After a thorough consideration of the parties' arguments and in view of the record, we conclude that the district court's determinations on these issues should stand.
 
 E. Costs
 
 18
 Each party shall bear its own costs on appeal.